**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

RONALD BROOKS, EMANUEL TORRES,
JONATHAN STOPANI, JEFFREY WINES,
and STEVEN J. HAWKINS,

                **Plaintiffs,**

-vs-                                              Case No. 6:06-cv-631-Orl-31DAB

A RAINALDI PLUMBING, INC.,
MICHAEL'S PLUMBING OF CENTRAL
FLORIDA, INC.,
FRANK PAUL RAINALDI,
MICHAEL J. REYNOLDS,
                **Defendants.**

___

# ORDER

This action concerns alleged violations of the Fair Labor Standards Act ("FLSA") by the Defendants, in failing to pay their employees over-time pay. Plaintiffs filed a Motion (Doc. 57) requesting that the Court conditionally certify a collective action and grant permission to send court supervised notice to similarly situated individuals of their opt-in rights pursuant to 29 U.S.C. § 216(b). [1]

## I. Background

Plaintiff Ronald Brooks ("Brooks") is a former employee of Michael's Plumbing of Central Florida, Inc. ("Michael's"). Plaintiff Emmanuel Torres ("Torres") is a former employee of A. Rainaldi Plumbing, Inc. ("Rainaldi"). Both Brooks and Torres assert that they worked over 40

---

[1] Defendant's Response to this Motion is filed at Doc. 58.

hours/week as plumbers for Defendants and did not receive over-time compensation as required by the FLSA.  Plaintiffs bring this action on behalf of other current and former employees of Michael's and Rainaldi who are similarly situated.[2]

Plaintiffs also request that this Court adopt a definition of "plumber" such that all employees of Defendants who have installed, repaired or cleaned plumbing or plumbing fixtures would be considered "plumbers."  It appears that this request is motivated by a desire to include in the putative class of "plumbers" four different types of manual laborers: Re-pipers, Service Technicians, Sewer/Drainage Technicians, and Helpers.  Defendants assert that each type of manual laborer performs different work and is paid under different compensation schemes, and therefore should not be grouped together for the purposes of this lawsuit.

## II. Legal Analysis

Title 29 U.S.C. 216(b) provides a right of action to recover unpaid minimum wages, unpaid overtime compensation, and for other relief if retaliation is at issue. The Act provides:

> An action to recover the liability [for unpaid overtime] may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C.§ 216(b).

---

[2] Plaintiffs assert that all members of the putative class "were jointly employed by both [Rainaldi and Michael's] either as employees of a single enterprise as defined under the FLSA or as joint employees of both businesses as defined under 29 C.F.R. § 791.2." (Doc. 57 at 6, n3). Defendants, however, do not agree with this characterization. (Doc. 58 at 10).

In *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208 (11th Cir. 2001), the Eleventh Circuit recommended that district courts utilize a two-stage process to certify a collective action under FLSA. The first step is the "notice stage," in which the district court makes a determination as to whether notice of the action should be given to potential collective class members. *Id*. at 1218. The standard applied in this first stage is a lenient one which "typically results in conditional certification" of the collective action. *Rodgers v. CVS Pharmacy, Inc.,* 2006 WL 752831, *2 (M.D. Fla. March 23, 2006). If the district court conditionally certifies the collective class, putative members are given notice and a chance to opt in. *Hipp* at 1218. The action then proceeds as a representative action through discovery and a second determination is usually made after a motion for decertification is filed by the Defendant. At the second stage, the district court must determine if the plaintiffs are "similarly situated." *Id*. at 1217. If so, the action proceeds to trial as a representative action. If not, the district court "decertifies" the collective class, and the opt-in plaintiffs are dismissed, without prejudice. The case proceeds on the individual claims of the original plaintiffs. *Id*. at 1218.

At the notice stage, "[p]laintiffs need show only that their positions are similar, not identical, to the positions held by the putative class members." *Grayson v. K Mart Corp*., 79 F.3d 1086, 1096 (11th Cir. 1996) (internal quotations and citations omitted). "[P]laintiffs bear the burden of demonstrating a 'reasonable basis' for their claim of class-wide discrimination." *Id.* at 1097. "The plaintiffs may meet this burden, which is not heavy, by making substantial allegations of class-wide discrimination, that is, detailed allegations supported by affidavits which successfully engage defendants' affidavits to the contrary." *Id.* at 1097. Even a single affidavit or consent to join submitted by another individual stating that they are similarly situated and wish to

join the suit is enough to bring the Plaintiff's contentions above pure speculation. *Guerra v. Big Johnson Concrete Pumping, Inc.,* 2006 U.S. Dist. LEXIS 58484, *10 (S.D. Fla. May 17, 2006).[3]

While it is clear that, at this stage, Plaintiffs' burden is not heavy, it is not invisible. Plaintiffs still must show that the class members are similar for purposes of this FLSA action. In this case, Plaintiffs have failed to accomplish that task. First, Plaintiffs have given no explanation as to why Michael's and Rainaldi should be considered one enterprise, or joint employers of the putative class. Each affidavit submitted by Plaintiffs supports the argument that the affiants worked for one company or the other. None of them allege that they were employees of the both companies at the same time. Furthermore, Plaintiffs have not demonstrated that the employees had similar job descriptions or pay structures. Some individuals were paid hourly, some by commission, and some by both methods. If individuals who work for different companies, in different positions, under different compensation structures, were to be considered "similar" under FLSA, it is difficult to ascertain a group of individuals that would be dissimilar. The fact that the putative class members worked in the same field, in the same geographic area, and all claim to be underpaid, is not enough to warrant even conditional certification in an FLSA action.

### III. Conclusion

Considering the Record as a whole, this Court cannot say that the members of the class proposed by Plaintiffs are similarly situated. Furthermore, the Court cannot fashion an alternative, acceptable class at this time, because there would be no reason for the Court to choose the employees of one company over the other, or one type of employee over the other, to be certified.

---

[3] *See also Tyler v. Payless Shoe Source, Inc.,* 2005 WL 3133763, *3 (M.D. Ala. Nov. 23, 2005) (three to five consents to join were sufficient to establish that others desired to opt in).

Accordingly, it is

**ORDERED** that Plaintiff's Motion for Conditional Certification of a Collective Class is **DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on December 8, 2006.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party